# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Certain Underwriters at Lloyd's London, *subscribing to Policy TCN051814*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Sarah Butler, Willie Butler, and Shakila Green, | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.: 1:16-cv-00975-JMC

**ORDER AND OPINION**

Before the court is a motion for summary judgment filed by Plaintiffs, Certain Underwriters at Lloyd's London, subscribing to Policy TCN051814 ("Plaintiffs"). (ECF No. 19.) For the reasons that follow, the court **DENIES** the motion.[1]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2016, Defendant Shakila Green commenced suit against Defendants Sarah Butler and Willie Butler (together, the "Butlers") and against Round Two, an adult night club business, by filing a complaint against them in the Court of Common Pleas for Aiken County, South Carolina. (*See* ECF No. 1-1.)[2] In her complaint, Green alleges that, in August 2013, she was

---

[1] The court notes that abstention pursuant to the decisions in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), is not appropriate in the circumstances presented by this case. *See Penn-America Ins. Co. v. Coffey*, 368 F.3d 409 (4th Cir. 2004).

[2] Plaintiffs attached Green's state-court complaint to the complaint that Plaintiffs filed in this court. (*See* ECF No. 1-1). The court takes judicial notice that the publicly-available state-court docket reflects that the complaint Plaintiffs attached remains the operative complaint in Green's state case against the Butlers and Round Two. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." (internal quotation marks and brackets omitted)); *Bradacs*

1

a guest at Round Two, which was operated by the Butlers, when she was shot in both of her legs, which caused permanent damage. (*Id.* at 1.) Green asserts one cause of action, alleging that the Butlers and Round Two were negligent for failing to properly secure the area by performing security checks for weapons as guests entered the business, failing to properly check the identification of guests, and failing to maintain proper control of the area. (*Id.* at 2.) Green asserts that these failures resulted in her injuries, and she seeks actual and punitive damages. (*Id.*)

Plaintiffs subscribed to a commercial property insurance policy, specifically Policy TNC051814 (the "Policy"), that was issued to the Butlers and covered the period in which the events underlying Green's complaint occurred. (*See* ECF No. 1-2.)[3] The Policy covered premises located in Graniteville, South Carolina, in which a sports bar was operated (*id.* at 16, 44-45), and included coverage as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(*Id.* at 57.) The Policy contained the following exclusions from coverage:

> This insurance does not apply to any claim and/or cause of action arising from:
>
>> 1. An assault and/or battery regardless of culpability or intent; or
>>
>> 2. A physical altercation; or
>>
>> 3. Any act or failure to act to prevent or suppress such assault and/or battery or physical altercation.

---

*v. Haley*, 58 F. Supp. 3d 499, 513 n.9 (D.S.C. 2014) ("The court may take judicial notice of court files and records.").

[3] Plaintiffs attached the Policy to their complaint.

> The above applies whether caused by the insured, an employee, a patron, or any other person; and whether or not the acts occurred at the premises owned leased, rented or occupied by the insured.
>
> This exclusion also applies to any claim and/or cause of action seeking:
>
> . . . .
>
> 4. Damages arising out of allegations of negligent hiring, placement, training or supervision, or to any act, error, or omission relating to such assault and/or battery or physical altercation.
>
> 5. Damages arising out of failure to provide proper security or safe premises to any person subject to any assault and/or battery or physical altercation.
>
> We are under no duty to defend an insured in any "suit" alleging such damages arising out of any assault and/or battery or physical altercation of any nature whatsoever.
>
> . . . .
>
> . . . . This insurance does not apply to a claim of or indemnification for punitive or exemplary damages. If a suit shall have been brought against you for a claim within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then we will afford a defense for such action. We shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

(*Id.* at 55-56.)

On March 28, 2016, Plaintiffs filed a complaint in this court (ECF No. 1.) Plaintiffs seek a declaration that the Policy does not provide coverage to the Butlers for the claim Green alleged in her state-court complaint because Green's claim "arise[s] out of the assault and battery and [is] excluded from coverage by . . . the Policy, [and, a]ccordingly, [Plaintiffs] have no duty to defend and/or indemnify the Butlers." (*Id.* at 4.) Plaintiffs also seek a declaration that, under the terms of the Policy, "they have no obligation to provide for any punitive or exemplary damages" arising from Green's complaint against the Butlers. (*Id.* at 5.)

3

After being served with the complaint and summons on April 1, 2016 (*see* ECF Nos. 7, 8, 9, 10, 11), Defendants failed to file an answer within the allotted time, *see* Fed. R. Civ. P. 12(a), and, upon Plaintiffs' requests supported by affidavits, the clerk's office entered defaults against Defendants on June 28, 2016 (*see* ECF Nos. 15, 16, 17, 18); *see also* Fed. R. Civ. P. 55(a).

On June 29, 2016, Plaintiffs filed the instant motion for summary judgment, pursuant to Fed. R. Civ. P. 56. (ECF No. 19.) Plaintiffs contend that, because Defendants have failed to answer or otherwise appear in this action, there are no genuine disputes of fact and that the plain and unambiguous terms of the Policy's exclusion of coverage related to assault and battery entitle them to a declaratory judgment that the Policy excludes coverage for the damage claimed in Green's state-court complaint against the Butlers. (*See id.*) Defendants have not opposed or otherwise responded to the motion for summary judgment and have not appeared in this matter.

## II. LEGAL STANDARD

Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n ruling on a motion for summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1863 (2014) (per curiam) (brackets omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to

4

survive the motion for summary judgment, may not rest on the allegations averred in its pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. When "a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### III. ANALYSIS

Because Defendants have not properly addressed Plaintiffs' assertions of fact and because those assertions are supported by materials in the record, the court concludes that the facts asserted by Plaintiffs are undisputed for purposes of the instant motion. *See* Fed. R. Civ. P. 56(e). There is no dispute that Green's complaint alleges that the Butlers are liable to her in damages arising from her being shot, which she alleges was caused by the Butlers' negligence in failing to properly secure the nightclub area, failing to implement security measures (such as checking identification and checking for weapons), and failing to maintain control of the area. (*See* ECF No. 1-1 at 1-2.) There is also no dispute that the Policy excludes coverage for a claim or cause of action for an assault or battery, regardless of who committed the assault or battery or where it occurred. (*See* ECF No. 1-2 at 55-56.) It also excludes coverage for a claim or cause of action arising from any act or failure to act to prevent an assault or battery, including allegations of any act, error, or omission relating to such assault or battery and any allegation of failure to provide proper security or safe premises to any person subject to any assault or battery. (*Id.*)

"Under South Carolina law, an insurer's duty to defend is determined by the allegations of the underlying complaint." *Darwin Nat'l Assurance Co. v. Matthews & Megna LLC*, 36 F. Supp. 3d 636, 655 (D.S.C. 2014) (citing *Ellett Bros., Inc. v. U.S. Fid. & Guar Co.*, 275 F.3d 384-387-88

(4th Cir. 2001)); *see also Union Ins. Co. v. Soleil Grp., Inc.*, 465 F. Supp. 2d 567, 572 (D.S.C. 2006); *R.A. Earnhardt Textile Mach. Div., Inc. v. S.C. Ins. Co.*, 282 S.E.2d 856, 857 (S.C. 1981). "The complaint is construed liberally, with all doubts resolved in favor of the insured." *Darwin*, 36 F. Supp. 3d at 655 (citing *Union Ins. Co.*, 465 F. Supp. 2d at 572-73). "'If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend.'" *Id.* (quoting *Union Ins. Co.*, 465 F. Supp. 2d at 573); *see also Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 459 S.E.2d 318, 319 (S.C. 1994); *Gordon–Gallup Realtors, Inc. v. Cincinnati Ins. Co.*, 265 S.E.2d 38, 40 (S.C. 1980). However, "[i]f the facts alleged in the underlying complaint 'fail to bring the case within the policy coverage, the insurer is free of the obligation to defend.'" *Union Ins. Co.*, 465 F. Supp. 2d at 57 (quoting *R.A. Earnhardt*, 282 S.E.2d at 857).

Although South Carolina law is clear that an insurer's duty to defend depends upon the allegations contained in the underlying complaint, it is less clear on whether an insurer's duty to indemnify is determined by reference to the allegations of the complaint or by reference to the facts of the case as determined by a factfinder. On one hand, some authorities have stated that "[i]n an action for a declaratory judgment, the obligation of a liability insurance company to defend *and indemnify* is determined by the allegations in the complaint." *Collins Holding Corp. v. Wausau Underwriters Inc. Co.*, 666 S.E.2d 897, 899 (S.C. 2008) (emphasis added); *see also R.A. Earnhardt Textile Mach. Div. Inc. v. S.C. Ins. Co.*, 282 S.E.2d 856 (S.C. 1981); *Mfrs. and Merchants Mut. Ins. Co. v. Harvey*, 498 S.E.2d 222, 227 (S.C. Ct. App. 1998). Thus, based only on the allegations of an underlying complaint, at least one court has granted summary judgement to an insurer seeking a declaration that it has no duty to indemnify. *See United Fin. Cas. Co. v Butler*, No. 2:11-cv-02897-DCN, 2013 WL 1110813 (D.S.C. March 18, 2013).

On the other hand, some authorities have explained that, "'[w]hile the duty to defend is based on the allegations in the underlying complaint, the duty to indemnify is based on the evidence found by the factfinder.'" *Darwin*, 36 F. Supp. 3d at 655 (quoting *Union Ins. Co.*, 465 F. Supp. 2d at 573); *see also Ellett Bros., Inc.*, 275 F.3d at 388; *Jourdan v. Boggs/Vaughn Contracting, Inc.*, 476 S.E.2d 708, 711 (S.C. 1996). "Generally, whether an insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration, for purposes of declaratory judgment actions, if findings of fact have been made in the underlying lawsuit." *Darwin*, 36 F. Supp. 3d at 656 (citing *Union Ins. Co.*, 465 F. Supp. 2d at 573); *see also Jourdan*, 476 S.E.2d at 711. However, if a complaint has been filed in the underlying case and the court has determined that, even if the allegations of the complaint were proved, the insurer would have no duty to defend, then the insurer also would have no duty to indemnify, and concerns of ripeness do not necessarily bar declaratory judgment to that effect. *See Canopius US Ins., Inc. v. Middleton*, No. 2:15-cv-3673-DCN, ___ F. Supp. 3d. ___, 2016 WL 4379538, at *4 (D.S.C. Aug. 17, 2016) ("[I]f an insurer has no duty to defend, it necessarily has no duty to indemnify . . . ."); *Union Ins. Co.*, 465 F. Supp. 2d at 575 n.3 ("'Although an insurer's duty to *indemnify* will depend on resolution of facts alleged in the complaint, no such factfinding is necessary if there is no duty to *defend* because the allegations, even when taken as proved, would fall outside the policy's coverage.'" (quoting *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 413 (4th Cir. 2004))); *see also Builders Mut. Ins. Co. v. Wingard Props., Inc.*, No. 4-07-3183-RBH, 2010 WL 4393270, at *2 (D.S.C. Oct. 29, 2010); *Green Textiles Assocs., Inc. v. Fed. Ins. Co.*, No. 7:05-3233-HMH, 2006 WL 1677184, at *5 (D.S.C. June 16, 2006); *cf. Fid. & Guar Ins. Underwriters, Inc. v. Robert W. Booher Constr., Inc.*, No. 2:06-690-CWH, 2007 WL 2351010, at *2 (D.S.C. Aug. 15, 2007). Nevertheless, if the court either determines that the insurer has a duty to defend or is unable to

7

make a determination as to the duty to defend, a determination as to the insurer's duty to indemnify is premature. *Middleton*, ___ F. Supp. 3d ___, 2016 WL 4379538, at *4 ("[i]f [the insurer] does have a duty to defend, the court may be unable to determine whether the insurer has a duty to indemnify until the resolution of the underlying action."); *see Am. S. Ins. Co. v. Moras Roofing, LLC*, No. 2:09–cv–1966, 2010 WL 2710588, at *3 (D.S.C. July 7, 2010).

In all material respects, the facts of this case are on all fours with the facts in *Middleton*, which involved an insurer's duties to defend and indemnify based on two underlying state-court complaints filed against a nightclub, which had an insurance policy with the insurer. *Middleton*, ___ F. Supp. 3d ___, 2016 WL 4379538, at *1-2. In the first complaint, a plaintiff alleged that, while he was a guest at the nightclub,

> a dispute occurred amongst patrons inside [the nightclub;] that this dispute escalated into gunfire resulting in four innocent patrons, including [the plaintiff], being shot[; that] . . . his injuries were caused by [the nightclub's] negligence in failing to protect [him] from foreseeable risk of physical harm[,] failing to implement proper measures to deter and prevent crimes on the premises[,] failing to staff adequate personnel to ensure the rights and safety of [the plaintiff,] and failing to train personnel as were on hand in the best security practices.

*Id.* at *2 (internal citations, quotation marks, and brackets omitted); *see id.* at *5. The second complaint brought identical actions against the nightclub but, importantly, "[did] not specifically allege that the . . . incident arose from a dispute[;] instead, the [plaintiffs] simply allege[d] that they were injured by the discharge of a firearm at [the nightclub's] premises." *Id.* at *2; *see id.* at *5. The insurer filed a declaratory judgment action in federal court, seeking a declaration that it had no duty to defend or indemnify the insured nightclub due to an assault and battery exclusion in the policy with the exact same language as the assault and battery exclusion in the Policy at issue in the instant case. *See id.* at *1-2.

8

The court had no difficulty concluding that the first complaint alleged an injury arising from an assault or battery. *See id.* at *5. The court explained that, under South Carolina law, "[f]iring a gun in connection with a dispute is almost invariably done to threaten or intimidate the other parties to the dispute," which constitutes an assault, *see id.* at *5 (citing *In re McGee*, 299 S.E.2d 334, 334 (S.C. 1983); *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008)), or, because the discharge resulted in a harmful touching, a battery, under the doctrine of transferred intent, *see id.* at *5 n.4 (citing *USF Ins. Co. v. D&J Enters., Inc.*, No. 0:09–cv–2510, 2010 WL 2232211, at *4 (D.S.C. June 3, 2010)). The fact that the patron who was injured alleged that he was not a part of the dispute was irrelevant because the exclusion applied to any claim arising from an assault or battery and did not specify that it arise from the target of an assault or battery. *See id.* at *5 (citing *Coleman v. Acceptance Indem. Ins. Co.*, 369 F. App'x 595, 597 (5th Cir. 2010)).

However, the court concluded that the second complaint, construed liberally, did not allege an injury that is validly excluded by the policy's assault and battery exclusion. *See id.* at *7, *9. For purposes of an insurance policy exclusion, the court, after thoroughly canvassing South Carolina law, concluded that, for an injury to arise from an assault or battery, the conduct of the person committing the putative assault or battery must include some form of intent. *See id.* at *4-9. This is so because excluding coverage for injuries arising from assault and battery, defined to include unintentional conduct, would swallow the coverage provision and render it virtually meaningless, a result not permitted in South Carolina law. *See id.* Accordingly, the court rejected the insurer's proposed definition of assault and battery, which included unintentional conduct. *See id.* Because the second complaint contained no hint of an allegation that the injury resulted from some form of intentional conduct, it remained possible that the complaint did not allege an injury arising from an assault or battery and that, therefore, the assault and battery exclusion did not

9

apply. *See id.* Thus, the court concluded that the assault and battery exclusion to which the insurer pointed provided no basis for a declaration that the insurer had no duty to defend and that a determination as to the insurer's duty to indemnify was premature. *See id.* at *9.

Here, the court concludes that Green's state-court complaint leaves open the possibility that the injury she alleges does not arise from an assault or battery. The only allegation in her complaint regarding the circumstances of the shooting do not suggest that the weapon's discharge was intentional in any way. In its entirety, the only sentence describing the incident is as follows: "On or about the 11th day of August 2013, the Plaintiff, a minor at the time, was a guest at the adult business of the Defendants when she [was] shot in both of her legs, causing permanent damage." (ECF No. 1-1 at 1.) Nothing in this sentence suggests that the weapon was discharged during, or in relation to, a dispute or that it was discharged with some form of intent to cause bodily injury or to place another in apprehension of bodily injury. Instead, the sentence is consistent with an allegation that the weapon was discharged unintentionally or by accident. Any argument Plaintiffs might raise that the incident alleged in Green's complaint amounts to assault or battery because the element of intent should be disregarded must be rejected for the reasons set forth in *Middleton*, which this court finds persuasive. Ultimately, because Green's underlying complaint creates a possibility that her injury did not arise from assault or battery, the court cannot conclude that the assault and battery exclusion of the Policy precludes Plaintiffs' duty to defend. *See Darwin*, 36 F. Supp. 3d at 655; *Union Ins. Co.*, 465 F. Supp. 2d at 573; *Isle of Palms*, 459 S.E.2d at 319; *Gordon–Gallup Realtors*, 265 S.E.2d at 40.

Under either line of cases regarding the duty to indemnify, the court cannot conclude that Plaintiffs have no duty to indemnify under the Policy at issue here. Under the first line of cases set forth above, looking only to the allegations of the complaint, the court cannot conclude that the

assault and battery exclusion excludes coverage for the injury alleged by Green in her complaint. Under the second line of cases, because the court cannot conclude that Plaintiffs have no duty to defend, a determination as to Plaintiffs' duty to indemnify is premature. *See Middleton*, ___ F. Supp. 3d ___, 2016 WL 4379538, at *4; *see Moras Roofing*, 2010 WL 2710588, at *3.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment on their claim for a declaratory judgment that they have no duty to defend or indemnify the Butlers for the claim asserted against the Butlers in Green's state-court complaint based on the assault and battery exclusion of the Policy (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

February 13, 2017
Columbia, South Carolina

11